IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICO CLARK,**<br>**#M10831,**<br><br>                  **Plaintiff,**<br><br>v.<br><br>**J.B. PRITZKER, ROB JEFFREYS,**<br>**ANTHONY WILLS, WEXFORD**<br>**HEALTH SOURCES, INC., JOHN DOE 1,**<br>**and MELVIN HINTON,**<br><br>                  **Defendants.** | Case No. 21-cv-00153-SPM |

### MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      This matter is before the Court on motions for summary judgment on the issue of failure to exhaust administrative remedies filed by all Defendants. (Doc. 38, 41). Plaintiff Rico Clark filed an incomplete response in opposition, which did not include a memorandum of law as indicated on the electronic filing cover sheet. (Doc. 49). Clark was given additional time to supplement his response and file additional pages. (Doc. 51). He has failed to do so. For the reasons set forth below, the motions for summary judgment are granted.

### BACKGROUND

      Plaintiff Rico Clark, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), alleges he was subjected to unconstitutional conditions of confinement and denied adequate health care during the COVID-19 pandemic. Clark initiated this action by jointly filing a Complaint with two other Plaintiffs, also inmates at Menard, on October 28, 2020 ("original case"). (*See Fleming v. Pritzker,* No. 20-cv-01133-SPM, Doc. 1). After determining that joinder of the three Plaintiffs would further delay the

fair and efficient litigation of each Plaintiff's claims, the Court severed the case into three separate lawsuits. (*Id.* at Doc. 57). This action was opened, and Clark, the sole plaintiff in this severed case, is proceeding on the following counts:

**Count 1:** Eighth Amendment claim against Pritzker, Jeffreys, and Wills for overcrowded conditions at Menard, which subjected Clark to unconstitutional conditions of confinement, including the failure to follow COVID-19 safety protocols and delay of medical treatment.

**Count 2:** Eighth Amendment claim of against Pritzker, Jeffreys, Wills, John Doe #1, and Hinton for failing to enforce and implement necessary safety protocols to protect Clark from the spread of and exposure to COVID-19.

**Count 3:** Eighth Amendment claim of denial of adequate medical care against Pritzker, Jeffreys, Wills, John Doe #1, and Hinton for providing Clark delayed and inadequate treatment after they contracted COVID-19.

**Count 4:** Eighth Amendment claim of cruel and unusual punishment against Pritzker, Jeffreys, Wills, John Doe #1, and Hinton for quarantining Clark in unconstitutional conditions of confinement.

**Count 5:** Eighth Amendment claim against Wexford for denial of adequate medical care to Clark.

**Count 6:** State law claim of intentional infliction of emotional distress against Pritzker, Jeffreys, Wills, John Doe #1, Hinton, and Wexford.

(Doc. 1). On August 2, 2021, Defendant Wexford Health Sources, Inc. ("Wexford") filed a motion for summary judgment, and on August 30, 2021, Defendants Hinton, Jeffreys, Pritzker, and Wills filed a motion for summary judgment. (Doc. 38, 41). All Defendants argue that Clark failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a).

In the Initial Scheduling and Discovery Order, Clark was warned that the failure to respond to a motion for summary judgment on exhaustion may result in an order granting the motion. (Doc. 20, p. 5). Additionally, Defendants provided Clark a Rule 56 Notice stating that he had 30 days from service to respond to the motions and that, pursuant to the Local Rules of this District, failure to file a response within the deadline may "be considered an admission of the merits of the motion."

(Doc. 43, citing SDIL-LR 7.1(c)(1)).

After Defendants filed their motions for summary judgment, Clark filed a notice with the Court stating he was denied extra writing supplies. (Doc. 45). To ensure that Clark's ability to litigate this case was not being frustrated due to conduct by IDOC staff, the Court directed Defense Counsel to file a notice regarding inmate access to writing materials at Menard. In the meantime, Clark was granted additional time to file responses to the motions for summary judgment and was directed to seek assistance in obtaining writing supplies by contacting his counselor or using the grievance process. (Doc. 46).

Defense Counsel for Defendants Hinton, Jeffreys, Pritzker, and Wills notified the Court on November 1, 2021, that the commissary at Menard was having difficulties timely receiving orders placed for supplies. (Doc. 48). In October 2021, pens and paper were made available through the counselors' office for offenders who had a court deadline pending, on October 24, 2021, all inmates at Menard were given one free ink pen, and on October 31, 2021, all inmates at Menard were given 30 sheets of paper free of charge. After Defendants filed this notice, Clark to did not file a response or notify the Court of any additional supply issues. Accordingly, no further Court action was required.

Clark filed his response to the motion for summary judgment on November 18, 2021. (Doc. 49). The document includes an electronic cover page indicating that Clark intended to file a memorandum of law along with his response. However, his filing consisted of only a title page and a page with instructions to copy, mail, sign, and send the document to the law library. Defendant Wexford filed a reply, which was served on Clark, stating that it raised no objections to extending the deadline for Clark to file additional pages. (Doc. 50). The Court then *sua sponte* granted Clark until February 10, 2022, to file additional pages to add to his response. (Doc. 51). Clark was reminded that if he failed to support his arguments or address Defendants' assertions,

the Court may consider the facts undisputed or grant summary judgment.

The response deadline has past, and Clark has not supplemented his response to the motions for summary judgment despite the above notices of the consequences, nor has he requested any further extensions.

### LEGAL STANDARDS

*I. Summary Judgment*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

*II. Exhaustion of Administrative Remedies*

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d

1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. The statutory purpose of the PLRA is to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This allows the prison administration an opportunity to fix the problem or to reduce the damages and perhaps shed light on factual disputes that may arise in litigation even if the prison administration's solution does not fully satisfy the prisoner. *See Pozo,* 286 F.3d at 1023-24. To allow otherwise would frustrate the purpose of the grievance process. *See Porter v. Nussle*, 534 U.S. 516, 526 (2002).

### *III. Grievance Procedures*

As an inmate in the custody of IDOC, Clark was required to follow the grievance procedure laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures direct an inmate is to file a grievance first with the Counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a Grievance Officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The Grievance Officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Grievance Officer must submit his findings to the Chief Administrative Officer ("CAO") within two months after receiving the grievance. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then reviews the findings and recommendation of the Grievance

Officer and issues a written decision to the inmate. *Id.* If the inmate is not satisfied with the response, he can file an appeal with the Administrative Review Board ("ARB"). *See* 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days after the date of the decision by the CAO. *Id.* Only after a grievance is reviewed by the ARB is it deemed exhausted. *See Pozo*, 286 F.3d at 1023–24.

## ANALYSIS

Defendants assert that from the time Clark entered Menard on February 2020 through October 28, 2020 when the Complaint was jointly filed in the original case,[1] he did not file any grievances relating to his conditions of confinement and medical treatment prior to and after contracting COVID-19. (Doc. 47, p. 4). Furthermore, the Administrative Review Board records demonstrate that he did not appeal any grievances related to issues at Menard. (Doc. 38, p. 3; Doc. 38-3, p. 1; Doc. 47, p. 3). They argue that because Clark did not appeal any grievances regarding his claims in this case, he has failed to comply with the grievance procedures and has failed to exhaust his administrative remedies.

As mentioned, Clark filed a response but did not refute any of Defendants' factual assertions, arguments, or exhibits. He also did not put forth any arguments or exhibits of his own. It appears his response is incomplete, but Clark did not take the opportunity given by the Court to supplement his response. Thus, the Court "consider[s] the fact[s] undisputed for the purposes of the motion." FED. R. CIV. P. 56(e).

There is no evidence that Clark filed or attempted to file any grievances regarding COVID-19 procedures at Menard, his conditions of confinement while on quarantine, or his medical care in accordance with grievance procedures. Neither has he asserted that he tried to grieve his issues,

---

[1] "[A]n action is 'brought for the purposes of § 1997e(a) when the complaint is tendered to the district clerk." *Ford v. Johnson,* 362 F. 3d 395, 400 (7th Cir. 2004). *See also Gakuba v. Henderson,* No. 19-cv-01273-SPM, 2021 WL 3140727, at 3 (S.D. Ill. July 26, 2021) (finding that the date a plaintiff submits a complaint to the court for filing is the operative date in determining exhaustion, regardless of whether the actions is severed at a later date).

yet his administrative remedies were somehow unavailable to him. Accordingly, Defendants are entitled to summary judgment on each of Clark's claims. (Counts 1, 2, 3, 4, 5, and 6).

### DISMISSAL OF JOHN DOE

In the Initial Scheduling and Discovery Order, the Court set a deadline of June 18, 2021, for Clark to file a motion to substitute a specific Defendant for the John Doe or, if John Doe remained unidentified, to file a motion specifying additional steps that could be taken to identify the Doe Defendant. (Doc. 20). The Court stated that failure to file a motion to substitute by that date would result in the dismissal of the John Doe Defendant without prejudice. Additionally, the Court set a deadline of July 19, 2021, for Clark to file a motion for leave to amend the complaint to include any additional claims or parties. The Court noted that failure to comply would likely bar further amendment of the complaint. Clark has not filed a motion to substitute or moved to amend the complaint to identify the John Doe Defendant, and he has not otherwise informed the Court of this defendant's identity. Accordingly, John Doe is dismissed without prejudice.

### DISPOSITION

For the reasons provided, the Court **GRANTS** the motion for summary judgment (Doc. 38) filed by Defendant Wexford Health Sources, Inc and **GRANTS** the motion for summary judgment (Doc. 41) filed by Defendants Hinton, Jeffreys, Pritzker, and Wills.

The Court **DISMISSES** the John Doe Defendant without prejudice. The Clerk is **DIRECTED** to **TERMINATE** him as a party.

This case is **DISMISSED without prejudice** for failure to exhaust. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

IT IS SO ORDERED.

DATED: February 15, 2022

                                          *s/Stephen P. McGlynn*
                                          **STEPHEN P. MCGLYNN**

**United States District Judge**